[Civil No. 1487.   Filed June 26, 1916.]

[158 Pac. 432.]

In the Matter of the Application of WILLIAM H. WAHL for a Writ of Mandamus.   WILLIAM H. WAHL, Plaintiff, v. GEORGE H. CROSBY, Jr., as Judge of the Superior Court of Apache County, Defendant.

1. MANDAMUS — PROCEEDINGS — VERIFICATION OF APPLICATION.—Under Civil Code of 1913, paragraph 1554, requiring applicant for writ of *mandamus* to file complaint naming him as plaintiff and the adverse party as defendant, and to verify the complaint, verification on information and belief is insufficient.

2. MANDAMUS—PROCEEDINGS—NOTICE.—Under Civil Code of 1913, paragraph 1556, providing that *mandamus* issued without notice to the adverse party shall be in the alternative, peremptory writ cannot issue without ten days' notice to the defendant.

[As to *mandamus* and the duties, performance of which may be compelled by it, see note in 125 Am. St. Rep. 492.]

APPLICATION to Supreme Court for a Writ of Mandamus.   Writ denied.

Mr. Wm. H. Wahl, *in pro. per.*

PER CURIAM.—The plaintiff has filed a paper in this court reciting that he is one of two plaintiffs in a suit pending in the superior court of Apache county; that the case was at issue, all demurrers and dilatory pleas having been disposed of, but, notwithstanding his urgent insistence that the case be set down for trial, the defendant refused to set the same.   He asks for a peremptory writ of *mandamus* compelling the defendant to set the case down for trial.

It is required by the statute that:

"The party applying for the writ shall file his complaint in which he shall be named as plaintiff, and the tribunal, officer, board or person against whom the writ is sought as defendant.   Such complaint shall be verified by the oath of the plaintiff, his agent or attorney."   Paragraph 1554, Civil Code 1913.

The paper filed by plaintiff does not conform with this requirement. The parties are not designated as plaintiff and defendant, and the other plaintiff does not join in the request for the writ. These informalities might be overlooked, but the instrument is verified upon "information and belief." This is not a sufficient verification under the statute. It is signed by him *in propria persona*. It was not necessary, of course, that his attorney should have signed the paper, but it is significant that he did not do so. Besides, the application is made without notice to the defendant. Before a peremptory writ may issue, defendant is entitled, under the statute, to at least 10 days' notice. Paragraph 1556, Civil Code 1913.

For the reasons suggested, the writ is denied.